IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DANIEL JOSEPH LUKEN | § | |
| v. | § | CIVIL ACTION NO. 6:06cv394 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Daniel Luken, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction.  This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Luken was convicted of aggravated assault on a correctional officer on June 14, 1993, receiving a sentence of life in prison.  His petition for discretionary review with the Texas Court of Criminal Appeals was denied on October 11, 1995.  He sought state habeas corpus relief on December 22, 1997, which was denied without written order on March 4, 1998, and then again sought state habeas corpus relief on July 28, 2006, which was dismissed as successive under Tex. Code Crim. Pro. art. 11.07, sec. 4.  His federal habeas corpus petition was signed on September 1, 2006, almost eleven years after his conviction became final through the conclusion of direct review.

After review of the pleadings, the Magistrate Judge issued a Report on September 8, 2006, recommending that the petition be denied because of the expiration of the statute of limitations. The Magistrate Judge accurately set out the law concerning limitations and determined that Luken's petition was filed well after the limitations period had expired. The Magistrate Judge also concluded that Luken had shown no basis upon which to equitably toll the statute of limitations.

1

Consequently, the Magistrate Judge recommended that the petition be dismissed and that Luken be denied a certificate of appealability.

Luken filed objections to the Magistrate Judge's Report on September 22, 2006. In his objections, he argues that he is actually innocent of the offense for which he was convicted, and so the statute of limitations does not apply. He argues that actual innocence is a gateway through which a habeas corpus petitioner may avoid a procedural bar, and reasons from this that a claim of actual innocence may also be used to avoid the operation of the statute of limitations. He adds that the prosecutor's failure to disclose exculpatory evidence entitles him to relief as well. Finally, Luken asserts that he has made a substantial showing the denial of a federal right and so should be entitled to a certificate of appealability.

Luken's objections are without merit. The Fifth Circuit has stated that the one-year limitations period established by 28 U.S.C. §2244(d) contains no explicit exemption for petitioners claiming actual innocence of the crimes for which they have been convicted; as a consequence, a petitioner's claims of actual innocence are relevant to the timeliness of his petition if they justify equitable tolling of the limitations period. Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002). In this regard, the Court noted that prior Fifth Circuit caselaw rejected the notion that claims of actual innocence justify such tolling. Cousin, 310 F.3d at 849, *citing* Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000).

Although Luken argues that actual innocence is a "gateway," he is confusing two separate and distinct concepts. Actual innocence can be a gateway through which a habeas petitioner must pass in order to have an otherwise barred (i.e. procedurally defaulted) constitutional claim considered on the merits. Dowthitt v. Johnson, 230 F.3d 733, 741-42 (5th Cir. 2000). In this case, however, Luken is trying to use his claim of actual innocence to excuse the operation of the statute of limitations, a theory which the Fifth Circuit rejected in Felder; he has not shown that his claim of innocence justifies equitable tolling of the limitations period.

In addition, Luken's objections indicate that his claim of actual innocence is itself the claim which he wishes adjudicated on the merits. However, the Supreme Court has held that actual innocence is not in and of itself a basis for federal habeas corpus relief. <u>Townsend v. Sain</u>, 83 S.Ct. 745, 759 (1963). Instead, the traditional remedy for claims of innocence based upon new evidence, discovered too late in the day for a motion for a new trial, is executive clemency. <u>Herrera v. Collins</u>, 113 S.Ct. 853, 869 (1993). The Governor of Texas, based upon a recommendation of a majority of the Board of Pardons and Paroles, may grant clemency. Tex. Const., Art. IV, §11; Tex. Code Crim. Pro. Ann. art. 48.01. Additionally, the Texas Court of Criminal Appeals has approved a procedure whereby claims of actual innocence may be tested through state habeas corpus. <u>State of Texas ex rel. Holmes v. Court of Appeals for the Third District</u>, 885 S.W.2d 389, 397 (Tex.Crim.App. 1994). The option of seeking executive clemency remains open to Luken; however, he has failed to show that the Report of the Magistrate Judge in this case was in error.

The Court has conducted a careful *de novo* review of the Petitioner's allegations, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings, documents, and records in this case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that any and all motions which may be pending in this lawsuit are hereby DENIED.

**So ORDERED and SIGNED this 23rd day of October, 2006.**



_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**